Citation Nr: 1406906 
Decision Date: 02/18/14 Archive Date: 03/04/14

DOCKET NO. 13-05 004 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for a right knee disability.

2. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for a back disability.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

M. Katz, Counsel


INTRODUCTION

The Veteran served on active duty from October 1954 to October 1957. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office in Cleveland, Ohio (RO). Jurisdiction rests with the RO in New York, New York. The Veteran testified at a hearing before the undersigned Veterans Law Judge, via videoconference, in August 2013. A transcript of that hearing is associated with the claims file.

This appeal was processed using the VBMS and Virtual VA paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).

This appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the appellant if further action is required.


REMAND

In November 2013, the Veteran identified additional private medical records relevant to his claims, and provided authorizations for release of those medical records by completing two VA Form 21-4142. The identified records have not been obtained and associated with the claims file. The first Form 21-4142 identifies private treatment records pertaining to the back from G. Kozikowski, M.D. The second Form 21-4142 identifies private treatment records for the right knee from Dr. Fontenata. As these identified private treatment records are relevant to the Veteran's pending claims, the Board must remand the Veteran's claims to obtain any available records. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). Expedited handling is requested.)

1. Obtain all outstanding private treatment records pertaining to the back and right knee from G. Kozikowski, M.D. and Dr. Fontenata, as indicated on the completed authorizations in the electronic claims file. Additionally, in light of the changes to 38 U.S.C.A. § 5103A(2)(B), the RO must make two attempts for the relevant private treatment records or make a formal finding that a second request for such records would be futile. See Pub. L. No. 112-154, § 505, 126 Stat. 1165, 1193 (2012). All development efforts should be associated with the record. If, after making reasonable efforts to obtain these records, the RO is unable to secure same, notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) notify him that he is ultimately responsible for providing the evidence. Give the Veteran an opportunity to respond.

2. After completing the above development, and any other development deemed necessary, readjudicate the issues on appeal. If any benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran and his representative, and return the appeal to the Board for appellate review, after the Veteran has had an adequate opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).